Reed, J.,
delivered the opinion of the court.
It is obvious that appellant, by bringing up the record omitting the bill of exceptions and all evidence in the case, only desired a construction of the contract relied upon by the appellee. If it were practicable in any event to determine the rights and obligations of the respective parties upon a bill of this kind for injunctive relief only, it could not be reviewed without the entire case. It nowhere appears that the lower court construed the contract or predicated the judgment and decree upon it. So far as appears, it might have been based upon established facts not before this court. The rights and liabilities of parties under the contract cannot be determined in a proceeding of this kind. The parties with equal rights against the ditch company, as shown by the contract, are numerous. We have no means of knowing that the enforcement of the supposed right of defendant to demand and receive water, to any quantity desired, might not be injurious and detrimental to his co-contractors, whose rights are based upon the same contract. The capacity of the ditch is not given, nor is the reliable water supply stated. It is not shown that there is sufficient water to answer the increased demands of all those claiming under the contract. If the prior rights of all the parties to the contract, or of any of the parties, is not conceded by the ditch company, by bringing-proper suit, and joining all proper interested parties, a construction of the contract might be had, and, if the rights of *9 priority were determined in favor of claimants, then there must he a further finding of the quantity to which each claimant is entitled, and the water equitably distributed. Then, in case of a refusal, a proceeding by mandamus or other proper remedy would compel the delivery of some given quantity to each. If each party be held entitled, not only to fix the amount he wants, but to take it himself, unrestrained, the appropriator might divert and appropriate all the water in the ditch to the exclusion of all others having equal rights. That part of the contract allowing each individual to take the water demanded, upon refusal of the company to deliver, must be held void and inoperative. Mrst, it is a right incompatible with the ownership and right of control, incident to the ownership of the property; second, it was against public policy, tending to confusion and breach of the peace, in allowing a large number of claimants of priorities to take whatever water they required, regardless of the rights of others having the same legal right.
Even though the court may have found in the construction of the contract, and from the evidence, that appellee was entitled’to the amount of water claimed, such finding is not stated, and, if so found, the court could not in equity justify the manner of taking. The court erred in refusing an injunction. Defendant should have been restrained from interfering with the management of the ditch, and forcibly taking water. As before stated, the rights of the parties could not be properly judicially determined by the proceeding instituted ; nor will this court, in the absence of proper pleadings, parties, and data, attempt to decide upon the right of appellee to demand and receive any given quantity of water.
The only question properly presented for determination herein is the right of appellee to personally and forcibly take whatever water he saw fit from the ditch. This should have been found against him, and he restrained from the attempted exercise of any such supposed right, regardless of the provision in the contract. The decree is reversed and cause remanded.

Reversed.